[No. 7005. Decided October 29, 1907.]

W. E. INMON *et al., Respondents,* v. JAMES H. PEARSON *et al., Defendants,* JOHN P. WOOD *et al., Appellants.*[1]

BOUNDARIES—LOCATION OF CORNERS. The law establishes an obliterated corner where the surveyor actually located it, and not where it ought to be located by a correct survey.

SAME—AGREEMENT AS TO LOCATION—ESTOPPEL. An agreement for the reestablishment of a lost corner does not estop the party from objections to its location pursuant to the agreement when all the conditions of the agreement had not been carried out.

SAME — BOUNDARIES — EVIDENCE—HEARSAY. Hearsay or general reputation is admissible to establish the location of a lost or obliterated boundary line or corner.

Appeal from a judgment of the superior court for Chehalis county, Irwin, J., entered June 17, 1907, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action to establish a lost corner. Affirmed.

[1]Reported in 92 Pac. 279.

*W. H. Abel*, for appellants.

*J. B. Bridges*, for respondents.

DUNBAR, J.—This was an equitable action to establish a lost corner which determined the boundary line between the adjoining lands of the parties to this action, and was prosecuted under Bal. Code, § 5667 (P. C. § 3285). The appellants denied that the corner was lost or obliterated, and set up, as an affirmative defense, that an agreement between the respondents and the appellants had been entered into, and a survey had been made under such agreement, whereby the corner had been conclusively established. This matter was pleaded as an estoppel. Trial was had to the court without a jury. The court held that the affirmative matter and estoppel were not a defense, and granted the plaintiffs relief by establishing the corner at the point at which they claimed the corner had been established. Prior to the establishment of the corner by one Frazier, the corner had been established by one Shorey, a surveyor, at the point contended for by the appellants, and still prior to that time another attempt had been made to establish the corner by another surveyor, which did not seem to satisfy any of the parties. In the opinion of the court it is said:

"I have no doubt that the corner in dispute in this case should have been established where the Shorey survey has located it and where the defendants are contending for, but I am satisfied from the evidence that the government surveyor located it at the point where the plaintiff is contending for, and that is the corner which has been recognized by the residents of the vicinity for years. Surveys have been made from that corner, roads and fences have been built with reference to it. The law establishes the corner where the surveyor actually locates it, rather than where it ought to be located by a correct survey."

This, we think, was a correct statement of the law. And we also think from a careful examination of the testimony that the statement of facts contained in the opinion of the court was fully justified. The court found that the plaintiffs should

not be estopped by reason of the agreement preceding the Shorey survey, and under the testimony we think that this finding was also justified; that all the conditions of the agreement had not been carried out.

Hearsay evidence was introduced to prove the establishment of the corner at the point contended for by the respondents, which evidence was objected to by the appellants, and the admission of this evidence is one of the errors assigned in this case. It may be conceded that the general rule is that hearsay testimony cannot be admitted to prove a fact in issue. But it is contended by the respondents that the establishment of corners or boundaries is an exception to the rule, and that boundaries may be proven by hearsay testimony and by reputation. This, we think, is undoubtedly the law. The general rule is that hearsay testimony is incompetent, yet cases of boundaries constitute an exception. In England such evidence was held inadmissible in the case of disputed boundary between private individuals. In the United States hearsay evidence is admissible both upon questions of boundary affecting public rights and also in the case of disputes as to boundaries between private land owners. 4 Am. & Eng. Ency. Law (2d ed.), 850 to 858. This rule is also laid down by Greenleaf on Evidence, § 170, and many American cases are cited which sustain the text. In *Boardman v. Reed*, 6 Pet. 328, 8 L. Ed. 415, the supreme court of the United States, speaking through Mr. Justice McLean, said:

"That boundaries may be proved by hearsay testimony, is a rule well settled; and the necessity or propriety of which is not now questioned. Some difference of opinion may exist as to the application of this rule, but there can be none as to its legal force. Landmarks are frequently formed of perishable materials, which pass away with the generation in which they are made. By the improvement of the country, and from other causes, they are often destroyed. It is therefore important, in many cases, that hearsay or reputation should be received to establish ancient boundaries; . . . "

This, in fact, seems to be the universal American rule, and it seems to us, is a just if not a necessary rule in the establishment of ancient boundaries. We may say in this connection that the original government survey was made by one Byles in 1857, and that Byles again made the survey in this locality in 1873, establishing the corner, according to the testimony, at the point contended for by the plaintiffs. This seems to be about the only legal question raised in this case, it being entirely a question of fact which was presented to the court.

We have carefully examined all the testimony in this case, and while there is a great conflict of testimony, rendering the proposition somewhat uncertain, we think, with the court, that the weight of the testimony was to the effect that the corner was originally established at the point where it was decided to be so established by the court, and are not inclined to disturb the findings of the court in that respect.

The judgment is affirmed.

HADLEY, C. J., ROOT, MOUNT, RUDKIN, CROW, and FULLERTON, JJ., concur.