[No. 31964.   Department One.   April 17, 1952.]

J. A. WILEY COMPANY *et al.*, *Respondents*, v. KENNETH RIGGLE *et al.*, *Defendants*, UNITED STATES FIDELITY AND GUARANTY COMPANY, *Appellant*.[1]

*Ryan, Askren & Mathewson,* for appellant.

*Douglas Wilson* and *Kenneth C. Hawkins,* for respondents.

WEAVER, J.—Seven cases were consolidated for trial; seven separate sets of findings of fact, and seven separate judgments were entered by the trial court.

Each plaintiff had, under varying circumstances and at different times, furnished labor and materials to build a hospital for public hospital district No. 1 at Goldendale, Washington, at the instance and request of the defendant contractors. Appellant is the corporate surety upon the contractors' performance bond.

Appellant's assignments of error (omitting repetition) are as follows:

"1. The trial court erred in holding that the work required to be performed by the contract . . . was not performed until the first part of July, 1950.

"2. . . . in holding that there was no acceptance of the work . . . by the affirmative action of the Board of Commissioners . . . prior to July 29, 1950.

"3. . . . in holding that the claims of respondents were presented and filed with the Board of Commissioners . . . within thirty days from and after the completion of the subject contract within the meaning of Rem. Rev. Stat., § 1161.

[1] Reported in 243 P. (2d) 493.

"4. . . . in entering judgment for the respondents . . .

"5. . . . in not holding that the Board of Commissioners . . . had delegated its right to accept the building to the architect and that the architect accepted it in pursuance of such authority.

"6. . . . in not holding that the contract . . . was completed on or about December 20, 1949.

"7. . . . in not entering judgments of dismissal on respondents' claims as to appellant."

■ Rule on Appeal 43 (34A Wn. (2d) 47) provides, in part:

"In appeals from all actions at law or in equity tried to the court without a jury, appellant must point out by *number and description* the finding of fact upon which he predicates error, otherwise the findings will be accepted as the established facts in the case. . . . " (Italics ours.)

The reason for the rule is emphasized and magnified sevenfold in the instant case. We are not directed by appellant to one single, definite, specific finding of fact (and there are seventy of them in the seven cases), in accordance with the rule, upon which it predicates error. We, therefore, accept the findings of fact of the trial court as the "established facts in the case." Rule on Appeal 43, 34A Wn. (2d) 47; *In re Boundy's Estate, ante* p. 203, 242 P. (2d) 165.

Summarizing and consolidating the findings of fact in each case, the trial court found: that defendants Riggle and Creighton, on January 27, 1949, contracted to build a hospital for public hospital district No. 1 at Goldendale, Washington, for the agreed price of $225,833; that, in accordance with RCW 39.08.010 (Rem. Rev. Stat., § 1159), defendant United States Fidelity and Guaranty Company, as surety, executed a performance bond in the sum of $112,916.50; that the several plaintiffs, at the request of the contractors, had, between February 21, 1949, and July 29, 1950 (the dates vary for each plaintiff), supplied labor and materials to build the hospital; that the hospital was not completed until the first part of July, 1950; that, by resolution, the commissioners of the hospital district accepted the work done by the contractors on July 29, 1950; that the various plaintiffs

filed their claims for unpaid labor and materials with the hospital district against the contractors and the surety company within thirty days of the acceptance of the hospital by the commissioners; that each action was commenced more than thirty days after the claims were so filed.

The court entered appropriate conclusions of law and judgments in favor of the several plaintiffs.

These actions are based upon Rem. Rev. Stat., § 1161 (cf. RCW 39.08.040) which provides that claimants on a public project shall not have an action upon the contractor's bond unless, "within thirty (30) days from and after the completion of the contract with an acceptance of the work by the affirmative action of the board," a notice of the claim be given to the board.

The facts found by the trial court satisfy the requirements of the statute.

The judgments are affirmed.

SCHWELLENBACH, C. J., GRADY, MALLERY, and DONWORTH, JJ., concur.

June 5, 1952. Petition for rehearing denied.