[No. 32021. Department One. July 3, 1952.]

: FLOYD S. HILL, *Respondent,* v. THE CITY OF TACOMA, *Appellant.*[1]

*Clarence M. Boyle, Dean Barline, Horace G. Geer, Fred C. Dorsey,* and *W. L. Brown, Jr.,* for appellant.

*Clarence E. Layton,* for respondent.

GRADY, J.—The appellant has taken an appeal from a judgment of the superior court awarding respondent damages arising out of personal injuries sustained by him. The judgment was based upon findings of fact made by the court to the effect that appellant had kept and maintained one of its public sidewalks in a defective and dangerous condition, that respondent caught one of his feet in the defect, fell and was injured, and that he was free from fault.

The appellant seeks a review of the evidence and a determination made that it does not support the findings of fact. We must decline to make such review because of noncompliance by appellant with Rule of the Supreme Court 43, 34a Wn. (2d) 47. The rule is as follows:

"No alleged error of the superior court will be considered by this court unless the same be definitely pointed out in the 'assignments of error' in appellant's brief. In appeals from all actions at law or in equity tried to the court without a jury, appellant must point out by number and description the finding of fact upon which he predi-

[1]Reported in 246 P. (2d) 458.

cates error, otherwise the findings will be accepted as the established facts in the case. . . ."

The findings of fact upon which appellant predicates error are not pointed out by number and description as required by the rule.

Upon attention being called to noncompliance with the rule, appellant sought to make correction in its reply brief. We are asked to accept this method, or in the alternative to waive the rule. The argument is made that the purpose of the rule is to assist the court in ascertaining the precise grounds upon which the appellant relies, and this has been done in the reply brief. We desire to add that another purpose of the rule is to have the respondent likewise informed, so he may direct his arguments accordingly and not have to explore anticipatory fields. Attention is called to the fact that the dereliction of appellant is much less flagrant than existed in the cases of *Erickson v. Kongsli, ante* p. 79, 240 P. (2d) 1209; *In re Boundy's Estate, ante* p. 203, 242 P. (2d) 165, and *J. A. Wiley Company v. Riggle, ante* p. 339, 243 P. (2d) 493, in all of which we declined to review the evidence and accepted the findings of fact made by the trial court as the established facts in those cases.

It is also urged that a party litigant should not be denied substantial rights because of a failure to comply with technical rules of appeal, especially where such failure is the act or omission of counsel. We are asked to take notice of the fact that the statement of facts is only forty-five pages in length; that the findings of fact relating to negligence are brief and simple and the assignments directed to their entry should apprise this court of the claimed errors of the trial court; also that if the court feels they were not sufficient, we should permit the correction to be made in the reply brief.

The arguments made are very appealing, but to accept and act upon them as requested would in effect either nullify the rule or make it necessary that we determine in each case of noncompliance whether it will be followed or waived. This would result in the exercise of a discre-

tion and in discrimination. We must either enforce the rule or abandon it. Its necessity has a long background of experience, and it was promulgated in aid of expeditious and orderly appellate procedure.

The findings of fact made by the trial court support the money judgment for the amount of damages fixed thereby.

The judgment is affirmed.

SCHWELLENBACH, C. J., MALLERY, DONWORTH, and WEAVER, JJ., concur.