[No. 32056. Department One. September 18, 1952.]

LESLIE O. FOWLES *et al.*, *Respondents,* v. CLARA T. SWEENEY, *Appellant.*[1]

[1]Reported in 248 P. (2d) 400.

*William M. Derig* and *Bigelow & Manier,* for appellant.

*O'Leary, Meyer & O'Leary,* for respondents.

DONWORTH, J.—Plaintiffs brought this action to quiet title to all of lot 5, block 62, Sylvester's Plat of the city of Olympia, and to enjoin defendant from making any claim thereto or any use thereof. Defendant, the owner of the east half of lot 6, which lies immediately west of lot 5, cross-complained seeking to have title quieted in her to a portion of lot 5 covered by a concrete ramp or walkway, designated as the upper ramp. She also sought to have established an easement for right of way over a concrete ramp and steps leading from Union avenue on the south to the upper ramp on the north, this area being designated as the lower ramp.

The action was tried to the court sitting without a jury. The court entered findings of fact and conclusions of law in plaintiffs' favor. From a decree quieting plaintiffs' title to all of lot 5, as platted, and enjoining defendant from making any use thereof defendant has appealed.

For some time prior to March 25, 1927, C. H. Zeigler and wife were the owners of the east half of lot 6 and were in possession of lot 5 under contract to purchase. They acquired title to lot 5 in 1929. The Zeiglers improved the east half of lot 6 by erecting thereon a house, which faces upon Union avenue to the south and is about one floor above the street level. The northeast corner of the house is about seven inches west of the west line of lot 5. The house is situated at a slight angle on the property. There is a garage at street level, immediately in front of and below the house, opening onto the public sidewalk along Union avenue. The east wall of the house and garage forms a straight line, and, at the southeast corner of the garage, is approximately 1' 11" west of the west line of lot 5. On the east side of the house, at a point some twenty feet or more south of the

northerly end thereof, is a door leading to the basement. This door is about one-half floor above street level. There is no inside stairway leading to the basement. Access to the front door of the house is by way of steps on the west side of the property. There is a walk along the west side of the house leading from the front steps to the back door.

Lot 5 is improved with a two-story frame building occupied by a store and four apartments. The west wall of the store building is roughly parallel to and approximately 4½ feet east of the east wall of appellant's garage and house.

On March 25, 1927, the Zeiglers conveyed the east half of lot 6 to R. P. Sweeney, who later became appellant's husband and died before this action was begun. At about the time of conveyance, or shortly thereafter, Mr. Zeigler constructed a concrete ramp between the house and the store building, extending at a more or less uniform grade, from the south line of the two properties to the rear of appellant's house on the north, a distance of approximately forty-three feet. The north end of the ramp is about seven feet above street level. The northerly twenty feet of the ramp (slightly more than three feet wide), designated as the upper ramp, abuts the east wall of appellant's house. It rises above the level of respondents' property and is plainly designed to provide access to the rear of appellant's property. Protection from the vertical drop to the level of respondents' property is afforded by an iron pipe railing set in concrete at the east edge of the upper ramp.

Sweeney at all times used the ramp for ingress to and egress from his basement and the back door of his house. He and appellant intermarried in 1937. In 1938, Sweeney enlarged and enclosed the back porch of his house, converting it into a utility room. A door at the east end of the utility room opens upon the north end of the upper ramp.

Respondents acquired title to lot 5 in 1939. In 1946, with appellant's consent, respondents replaced the lower ramp with concrete steps and a more or less level concrete apron, covering the 4½ foot space between the two structures and extending from the top of the steps to the south end of the

upper ramp. Access to some of the apartments on respondents' property was by way of the concrete steps and apron, designated as the lower ramp.

Sweeney died in 1948, and in the same year, in the probate of her husband's estate, appellant acquired title to the east half of lot 6 by an order setting the same aside to her in lieu of homestead.

For twenty-two years, until 1949, Sweeney and/or appellant had used, without effort by anyone to prevent their so doing, the lower and upper ramp as a right of way. In 1949, a dispute arose between the parties concerning appellant's claimed right to keep her garbage can on the north end of the upper ramp, near the door leading from her utility room. At about the same time, appellant, who was executrix of her deceased husband's estate, caused to be included in the property distributed to her, by the order approving the final account and petition for distribution, that part of lot 5 covered by the upper ramp, together with an easement for ingress and egress over that portion of the lower ramp lying upon lot 5. Respondents subsequently brought this action.

In her answer and cross-complaint, appellant alleged that respondents should have known upon examination of lot 5 that she was occupying and using the portion covered by the ramp. She also alleged that at the time of, and as part of the consideration for, R. P. Sweeney's purchase of the east half of lot 6, Zeigler constructed the ramp and that it was necessary to the proper use and enjoyment of her property. She further alleged that since 1927 she and her deceased husband had used the ramp for access to and egress from their property under claim of right; that the construction of the ramp by Zeigler, the common owner, constituted an establishment of the dividing line between the two properties; and that appellant had acquired title to the ramp by open and adverse possession and use thereof under claim of right for over twenty years.

Respondents denied these allegations in their reply.

The trial court found that appellant had no interest in lot 5 and that the true boundary line of lot 5 was a straight line,

as platted, without any inset for that portion of lot 5 covered by the upper ramp.

Appellant makes eleven assignments of error, of which we shall first notice No. 10: That the court erred in signing the findings of fact, conclusions of law, and decree presented by respondents. Rule on Appeal 43, 34A Wn. (2d) 47, provides that in appeals from all actions, at law or in equity, tried to the court without a jury, *appellant must point out by number and description the finding of fact upon which he predicates error, otherwise the findings will be accepted as the established facts in the case.* The assignment of error is not a compliance with the rule, and we therefore accept the court's findings as the established facts in the case. *In re Boundy's Estate*, 40 Wn. (2d) 203, 242 P. (2d) 165; *Lopeman v. Gee*, 40 Wn. (2d) 586, 245 P. (2d) 183. Failure to comply with Rule 43 may not be cured by pointing out specific findings in the reply brief. *Hill v. Tacoma*, 40 Wn. (2d) 718, 246 P. (2d) 458.

In her first assignment of error, appellant complains that the trial court erred in striking certain testimony. It does not appear, however, that the court did in fact strike the testimony. The assignment is without merit.

Whether, with the findings accepted as the established facts of the case, we need to consider appellant's assignments of error Nos. 5, 6, 7, 8, and 9, we do not here decide. They are without merit and for that reason only shall be disposed of briefly.

Assignments numbered 5, 6 and 7 have not been argued by appellant in her brief. Under such circumstances, they are regarded as having been waived or abandoned and will not be considered. *Van Geest v. Willard*, 27 Wn. (2d) 753, 180 P. (2d) 78; *McCoy v. Courtney*, 30 Wn. (2d) 125, 190 P. (2d) 732; *Bleyhl v. Tea Garden Products Co.*, 30 Wn. (2d) 447, 191 P. (2d) 851.

Assignment of error No. 8 is that the court erred in deciding the case as set forth in the memorandum opinion. This is not a proper assignment of error. *Edward L. Eyre & Co. v. Hirsch*, 36 Wn. (2d) 439, 218 P. (2d) 888.

■    In her assignment of error No. 9 appellant complains that the court erred in rejecting her proposed findings of fact, conclusions of law, and decree.   Wherein the court erred is not pointed out.

Rule on Appeal 43, *supra,* reads in part as follows:

"No alleged error of the superior court will be considered by this court unless the same be definitely pointed out in the 'assignments of error' in appellant's brief."

This assignment is not sufficiently definite and will not be considered.   *Bristol v. Streibich,* 24 Wn. (2d) 657, 167 P. (2d) 125.

There remain for consideration assignments of error Nos. 2, 3, 4, and 11.   Numbers 2 and 3 relate to claimed error in exclusion of testimony, while No. 4 relates to claimed error in admission of certain testimony.

■    Respondents contend that, by reason of appellant's failure to make any proper assignments of error directed to the findings of fact, this court need not consider errors assigned to the admission or exclusion of evidence.

Respondents are partially correct in that we will not review error claimed in the admission of evidence; the rule is otherwise, however, with regard to error claimed in the exclusion of evidence. *Jones v. Bard,* 40 Wn. (2d) 877, 817, 246 P. (2d) 831, and cases cited therein.   See, also, *Blair v. McKinnon,* 40 Wn. (2d) 492, 244 P. (2d) 250; *Lopeman v. Gee, supra.*

Appellant's assignment of error No. 4, directed to the admission of certain testimony, will therefore not be considered.   Assignments of error Nos. 2 and 3, which relate to the exclusion of evidence, we shall now examine.

C. H. Zeigler and wife, who conveyed to R. P. Sweeney and who were in possession of lot 5 under contract to purchase at the time of the conveyance to Sweeney, were deceased at the time this action was brought.   Appellant offered to prove by Frank H. Zeigler, a son of C. H. Zeigler and wife, that, at or about the time of the conveyance from the Zeiglers to Sweeney, his father had stated to Sweeney in the witness' presence that the easterly edge of the ramp

(which we take to mean the "upper ramp") was the boundary line between the Sweeney property and lot 5, and that the widened part of the ramp (which we take to mean the "lower ramp") should be the common property of Sweeney and the Zeiglers, and that both parties should have right of way thereover. Appellant also offered to prove, by another witness, that C. H. Zeigler had stated to him that he was building the ramp for the purpose of selling the east half of lot 6 to Sweeney, and that the construction of the ramp was part of the consideration for Sweeney's purchasing the property. Respondents' objection to each offer, on the ground that it was incompetent, irrelevant, immaterial, hearsay, and not within the issues, was sustained by the court.

We are of the opinion that the evidence offered was within the issues. The pleadings clearly raise the issue as to whether the Zeiglers did in fact establish the boundary between the two properties as contended by appellant.

With regard to the second offer of proof set forth above, we are further of the opinion that appellant's answer and cross-complaint raised the issue as to whether there had been an implied grant of an easement by the Zeiglers to Sweeney. It would not be essential to an implied grant of an easement that the Zeiglers have *title* to both properties at the time of the conveyance to Sweeney. They had an interest at that time under an executory contract to purchase lot 5, and they later acquired title thereto.

While appellant seeks to establish *title* to the upper ramp by adverse possession, she also pleaded facts tending to establish an easement by implication and included in her cross-complaint a prayer for general relief. The offered testimony was therefore relevant and within the issues.

Although hearsay, it was admissible under the well-recognized exception that statements of a deceased declarant against his proprietary or pecuniary interests are admissible. The offered testimony meets the requirements to come within the exception to the hearsay rule as set forth in *Allen v. Dillard,* 15 Wn. (2d) 35, 129 P. (2d) 813: the declarant was deceased, the statements allegedly made by

him were against his proprietary interest, he was in a position to have knowledge of the facts, and he must be presumed to have known the location of the platted boundary between the two properties and believed that his statements were against his interest at the time they were made.

It is also the rule that declarations of a deceased person against his interest relative to private boundaries are admissible. 5 Wigmore on Evidence (3d ed.) 421, § 1563 *et seq.; Inmon v. Pearson,* 47 Wash. 402, 92 Pac. 279; *Alverson v. Hooper,* 108 Wash. 510, 185 Pac. 808.

The court erred in sustaining the objection to the offered testimony, which, if admitted, would be material to the issues presented by the pleadings.

The remaining error is assigned to the action of the court in denying appellant's motion for a new trial. From what we have heretofore said relative to errors in excluding evidence, this assignment appears to be well taken.

The judgment is reversed, and the action remanded with instructions to grant appellant a new trial.

HILL, MALLERY, WEAVER, and OLSON, JJ., concur.

October 31, 1952. Petition for rehearing denied.