[No. 32000.   Department Two.   October 9, 1952.]

CLARENCE WYGAL, *Appellant*, v. M. J. KILWEIN *et al.*,
*Respondents.*[1]

[1]Reported in 248 P. (2d) 893.

*Virgil Scheiber,* for appellant.

*R. DeWitt Jones,* for respondents.

FINLEY, J.—In this case, tried to the court without a jury, a judgment was entered in favor of plaintiff against defendants in the sum of $566.67, plus interest thereon from the first day of April, 1946, to the first day of July, 1951, together with taxable costs of suit. Plaintiff has appealed.

The significant facts may be summarized as follows: Plaintiff conducted· a grocery business in a building owned by him, which was upon leased ground; he owed certain taxes to the state of Washington, and the state, through its tax commission, made a levy upon the goods, fixtures and equipment of his store; plaintiff had insufficient funds to pay the taxes and other creditors, to satisfy a certain mortgage, and either to bid at a scheduled sale or to redeem the property.· He and the various claimants agreed the entire business and its assets, including stock, fixtures, the store building, the leasehold interest, should be sold to pay plaintiff's debts.

Subsequently, plaintiff entered into an oral agreement with defendant, M. J. Kilwein, whereby the latter would bid at the forced sale of plaintiff's assets; plaintiff advanced defendant the sum of six hundred dollars and the latter was the successful bidder at the sale in the amount of twenty-one hundred dollars; a bill of sale was executed covering the goods, fixtures and equipment. The trial court made findings that the building and the real-estate lease were also included in the sale, and concluded (but listed and labeled these conclusions as findings) that no partnership nor trust was created between the parties; that defendants became the sole owners of the goods, fixtures, equipment of said store, the building in which it is located, and the lease relative to the ·real estate upon which the

building stands; and that the defendants owed plaintiff the sum of six hundred dollars, less $33.33, advanced by defendants on the March rent.

Appellant's assignments of error, specifically set out, are as follows:

"1. The trial court erred in holding no resulting trust was created in favor of plaintiff.

"2. The trial court erred in holding that the building was sold at the tax sale.

"3. The trial court erred in holding that the lease was sold at the tax sale.

"4. The trial court erred in directing the plaintiff to execute and deliver to the defendant a bill-of-sale to the building and assignment of the lease."

In phrasing assignments of error Nos. 1, 2 and 3, appellant employs the term "holding." This term is by no means the equivalent of the more precise term "finding." The term "holding" is sufficiently broad that it might connote or relate to (a) finding, (b) conclusion, or (c) judgment, or to certain parts or portions of any of the foregoing.

As to assignment of error No. 1, it must refer to what was not technically, or strictly speaking, a finding of the trial court, but to a conclusion of law by the trial court "That no partnership or trust was created by the parties." Incidentally, it is to be noted that this conclusion of law was not specifically labeled as such by the trial court. It was included under the caption *"Findings"* in the document ostensibly prepared by counsel, signed by the court, designated generally as *"Findings of Fact and Conclusions of Law."* The answer to the question of whether there was a resulting trust was a *conclusion of law*. The inclusion of this under the caption "Findings of Fact," and reference to it as a "holding," does not alter the fact that the particular thing is a conclusion of law.

After this somewhat lengthy and perhaps labored analysis for appellant's benefit, we must conclude that the numbering and description requirements of Rule on Appeal 43, 34A Wn. (2d) 47, are not applicable to assignment of error No. 1. Considered as a conclusion, it is supported by

that portion of finding No. IV to the effect that the sum of six hundred dollars, advanced by plaintiff to defendants, *was a loan.* The latter fact is unchallenged by appellant, and becomes an established fact in this case. The loan and the obligation to repay it negative any theory of a resulting trust. Assignment of error No. 1, regarding the trial court's conclusion of law that no trust was created, is without merit.

■ As to appellant's attempted assignments of error Nos. 2 and 3, quoted heretofore, we mention again that, in phrasing these, appellant employs the term "holding." These apparently refer to and attempt to challenge finding No. V, but not by (a) number, or (b) description, as required by Rule on Appeal 43, which provides:

"No alleged error of the superior court will be considered by this court unless the same be definitely pointed out in the 'assignments of error' in appellant's brief. In appeals from all actions at law or in equity tried to the court without a jury, *appellant must point out by number and description the finding of fact upon which he predicates error,* otherwise the findings will be accepted as the established facts in the case . . ." (Italics ours.)

Under this rule there is no distinction between appeals in law cases and in equity cases. *In re Boundy's Estate,* 40 Wn. (2d) 203, 242 P. (2d) 165.

In *Edward L. Eyre & Co. v. Hirsch,* 36 Wn. (2d) 439, 446, 218 P. (2d) 888, we said:

"Appellants have made no assignment of error upon any finding or any portion of any finding made by the trial court. They do assign as error certain 'holdings' of the trial court, but such an assignment of error is insufficient to present to this court for review the making by the trial court of any particular finding or any portion thereof. The word 'holding' is indefinite and may refer to a trial ruling of the court upon evidence or other questions presented during the trial."

In three recent decisions we have adhered to this view. In *J. A. Wiley Co. v. Riggle,* 40 Wn. (2d) 339, 243 P. (2d) 493, the following assignment of error was held to be insufficient to permit us to review the evidence:

"1. The trial court erred in holding that the work required to be performed by the contract . . . was not performed until the first part of July, 1950."

In *Blair v. McKinnon*, 40 Wn. (2d) 492, 244 P. (2d) 250, we held this assignment of error inadequate under Rule on Appeal 43, 34A Wn. (2d) 47, as amended:

"The court erred in 'holding that there was sufficient evidence to show the value or conversion of any of the articles of personal property or the rendition or value of the services.' "

In *Lopeman v. Gee*, 40 Wn. (2d) 586, 245 P. (2d) 183, one of appellant's assignments of error read as follows:

"1. In holding that appellant was guilty of negligence in the manner of storing the respondents' sacks of onions, thereby failing to provide sufficient ventilation."

We held this assignment of error insufficient.

■ We are inclined to the view that assignments of error Nos. 2 and 3, do not adequately comply with Rule on Appeal 43, *supra*, and that the court's findings are not properly challenged, and must be accepted as the established facts in the instant case. In the analysis of this appeal we have, however, reviewed with particularity the entire findings and conclusions, as well as the judgment, of the trial court, the transcripts and the statement of facts. The final result in this case is not changed by giving consideration to appellant's attempted assignments of error Nos. 2 and 3. We feel these relate to finding No. V of the trial court, which reads as follows:

"That a bill of sale was executed to the stock of goods, fixtures and equipment but the court finds that the building and lease to the Real Estate upon which the building stood were also included in said sale because the Plaintiff, Defendant, Mortgage holders and other Creditors had agreed that it was the desire of the Plaintiff and all other parties to sell the business as a going business; and that out of proceeds of sale the mortgage debt and certain other debts were paid."

The finding that (a) the store building, and (b) appellant's interest in the lease of the land upon which the build-

ing was located, were both included by agreement of all interested parties in the sale of appellant's assets is sustained by the evidence. It was necessary for the trial court to determine from the evidence just what the agreement was between appellant and his creditors (the latter were to be paid out of the proceeds). The agreement clearly appears to have been established by what was done. That a different inference might be drawn from the evidence respecting the agreement is not sufficient to enable appellant to attack successfully the court's findings. He must show that the evidence preponderates against the findings, and we feel appellant has not done so.

■ Appellant's assignment of error No. 4 reads as follows:

"The trial court erred in directing the plaintiff to execute and deliver to the defendant a bill of sale to the building, and assignment of the lease."

In the trial court's memorandum opinion a reference is made to this aspect of the matter, but there is nothing in the findings, or the conclusion, or in the judgment entered September 4, 1951, relative to execution and delivery of (1) a bill of sale, or (2) an assignment of the lease. Notice of appeal was filed September 26, 1951. Thereafter, on January 9, 1952, an amendment of the original judgment was attempted, whereby appellant would have been required to furnish respondent a bill of sale and an assignment. This attempted amendment of the judgment occurred after the case was on appeal to this court. It appears to us the appeal was from the original judgment. For this and other reasons apparent from our disposition of appellants' other assignments, we find no merit in appellant's assignment of error No. 4.

As an abstract proposition, the unchallenged finding of the trial court that the leasehold interest and the building were included in the sale by agreement, would seem to establish some right on the part of respondents to (1) a bill

of sale regarding the building, and (2) an assignment of appellant's leasehold interest in the land.

The judgment of the trial court is affirmed.

SCHWELLENBACH, C. J., HILL, HAMLEY, and OLSON, JJ., concur.