[No. 31966.   Department Two.   January 9, 1953.]

ALEX CUGINI et al., *Respondents*, v. CHARLES W. McPHAIL et al., *Appellants.*[1]

'Reported in 252 P. (2d) 290.

*George H. Bovingdon* and *C. L. Coulter*, for appellants.

*Little, LeSourd, Palmer & Scott*, for respondents.

FINLEY, J.—Defendants appeal from a judgment for plaintiffs in an action for damages to timber, allegedly the result of a fire caused by defendants' negligence. The case was tried to the court without a jury.

In many material respects the evidence on which the trial court based its fact findings is conflicting. Because of the view we take of this case on appeal, we shall set out only a bare framework of the relevant facts.

In 1948, the Bonneville power administration acquired an easement over plaintiffs' land for construction of a power line. Plaintiffs' land lay in the vicinity of Baring, Washington, between Sultan and Skykomish. In March, 1949, pursuant to a contract they had with the Bonneville power administration, appellants started to clear a right of way, 125 feet wide, for the power line. It appears that the year before, in 1948, the respondents had logged the bulk of the right of way area, and had taken out most of their bucked logs. It also appears that the slashings left from the previous year's logging were still in the area.

The spring of 1949 had been continuously wet until shortly before April 14th, the date of the fire. The evidence is conflicting as to how dry the weather was on the day in question, although there is enough in the record to show that, comparatively speaking, April 14th was a dry day, with little humidity, and also, was a warm and sunny day.

On April 14th, the appellants, pursuant to a revocable fire permit issued by the state forest ranger (which permit was still effective and unrevoked on this date), set fire to various brush heaps they had made along the right of way. The evidence is conflicting as to the size of these brush heaps and as to whether they were larger than any of those appellants had previously constructed. Because the brush heaps were not thoroughly dry, the appellants made use of artificial devices to induce a hot flame; they burned old tire casings, and used a blower to work up a hot fire.

There was relatively little wind on the morning the fires were set, but a sharp east wind, blowing down the slopes of the mountain on which the right of way was located, created a strong draft as it blew along the right of way and drove the fires out of control. Here again, the evidence is conflicting as to whether appellants' men were tending the fires properly or whether they were merely sitting idly by, eating their lunch. At any rate, the fire got out of control and, before it could be stopped, did substantial damage to logs which appellants had on their adjoining land.

On appeal, the appellants make, *inter alia,* the following assignments of error, challenging certain fact findings of the trial court:

"Assignments of Error

"i.  Entry of Finding of Fact No. III
"ii.  Entry of Finding of Fact No. IV
"iii.  Entry of Finding of Fact No. V
"iv.  Entry of Finding of Fact No. VI."

The assignments of error listed above are as they appear in that section of appellants' brief headed, "Assignments of Error." At the outset, we are called upon to decide whether these assignments sufficiently comply with the requirements of Rule on Appeal 43, 34A Wn. (2d) 47, as amended. The rule is as follows:

"No alleged error of the superior court will be considered by this court unless the same be definitely pointed out in the 'assignments of error' in appellant's brief. In appeals from all actions at law or in equity tried to the court without a jury, appellant must point out by number and description the finding of fact upon which he predicates error, otherwise the findings will be accepted as the established facts in the case  .  .  ."

It is at once apparent that the assignments of error relating to the trial court's fact findings are pointed out by "number"; the question remains as to whether they meet the second requirement of Rule 43, *supra,* and are also pointed out by "description."

We have said that the purpose of Rule 43 is two-fold: first, to assist this court in determining the specific grounds upon

which the appellant relies; and second, to inform the respondent likewise, so that he "may direct his arguments accordingly and not have to explore anticipatory fields." *Hill v. Tacoma,* 40 Wn. (2d) 718, 246 P. (2d) 458. We are fully aware that, in some cases, substantial rights may be denied because of failure to comply with the technical rules on appeal. However, Rule 43 is a simple rule; it is easy to comply with, and it is reasonable. As we said in *Hill v. Tacoma, supra,* at p. 720:

"We must either enforce the rule or abandon it. Its necessity has a long background of experience, and it was promulgated in aid of expeditious and orderly appellate procedure."

With reference to the first assignment of error, appellants merely refer to error in the "Entry of Finding of Fact No. III." No portion of the finding is set forth in this section of the brief. However, elsewhere in their brief, under the section headed, "Argument of Appellants," appellants do set forth the following portion of the fact finding referred to:

". . . the negligence of defendants consisting of building a fire that was too large, considering the terrain and the weather conditions, in failing to take the precautions called for by a rising wind, and in failing to maintain a sufficient guard around the fire to prevent it from spreading."

This quotation from the fact findings is clearly a sufficient "description" to meet the requirements of Rule 43, hence, we will review the evidence on which the finding is based. The rule does not require that the necessary "description" should appear in the initial listing of "assignments of error," although, logically, this would be the better practice.

In reviewing the evidence on this point, we note that the bulk of the various findings contained in fact finding No. III were made with regard to matters on which there was a sharp conflict of evidence. A review of the record convinces us that the evidence does not clearly preponderate against the finding. This being the case, the fact finding must stand, since it was based on competent evidence, and since we are not inclined to substitute our own judgment in the matter.

In actions at law, the findings of the trial court will not be disturbed unless the evidence clearly preponderates against them. *Batcheller v. Westport,* 39 Wn. (2d) 338, 235 P. (2d) 471; *Coleman v. Davies,* 39 Wn. (2d) 312, 235 P. (2d) 199.

■ A more difficult question remains as to whether the rest of the assignments of error meet the "description" requirement of Rule 43. At the present time, Rule 43 requires only a "description" of the fact finding on which error is predicated, and nothing we have said in discussing assignment of error No. 1, above, is to be taken as requiring that the fact finding be set out verbatim. Effective as to appeals filed after January 2, 1953, Rule 43 has been amended to require that challenged portions of findings be set out verbatim in the appellate briefs. As of the present date, if we can find an explanation or description anywhere in appellants' opening brief which sufficiently apprises both this court and the respondents of the substance of the finding, or portion thereof to which error is assigned, without the necessity of resorting to the transcript, then there has been a sufficient compliance with Rule 43. With this principle in mind, we turn to the remaining assignments of error.

■ As to assignment of error No. II, nothing in appellants' brief indicates the subject matter of the finding of fact No. IV, to which error is assigned; nor does the brief specifically discuss assignment of error No. II in any separate section. Thus, only by referring to the transcript does this assignment of error become intelligible. By referring to the transcript, we find that finding No. IV relates to proximate cause. While a section of appellants' brief is entitled, "The Actual Cause of the Fire," neither in this section nor elsewhere do appellants explain or otherwise sufficiently describe the fact finding on this subject.

It is only by drawing inferences from the statement in appellants' brief that "the fire was caused not because of negligence of appellants but by a combination" of two other stated causes, and then by carefully scanning the transcript for a finding on the issue of causation, that we are apprised error is assigned to the fact finding on proximate cause. In

our opinion, this does not constitute sufficient "description" to comply with Rule 43, *supra*. Although the fact finding, or a portion thereof, need not be set out verbatim, Rule 43 requires more than loose statements from which inferences as to the trial court's findings possibly can be drawn. This being the case, the finding on the issue of causation becomes the accepted verity of the case. *Lopeman v. Gee*, 40 Wn. (2d) 586, 245 P. (2d) 183.

The next two findings of fact, which are covered by assignments of error Nos. III and IV, relate to damages. These findings show that the trial court found the logs which were damaged by the fire contained 419,530 board feet; that some 20,288 board feet were actually destroyed, with a consequent damage at the rate of $17 per thousand board feet, in the sum of $344.89; and that the market value of the remaining 399,242 board feet contained in the damaged logs was reduced $10 per thousand board feet, or a total of $3,992.42.

Appellants question the allowance of $10 a thousand board feet for the undestroyed portion of the damaged logs. Although they do not quote the applicable portion of fact finding No. V, which is thus attacked, their brief adequately describes the substance of that finding. Hence, we can review the evidence on which this allowance of $10 per thousand board feet was based. Appellants also contend that the court erred in fixing the number of board feet in the damaged logs. Since their brief fails to explain or describe the findings on this point (as set out in finding No. VI), this finding on the number of board feet in the damaged logs becomes an established fact on review. *Lopeman v. Gee, supra.*

It is appellants' contention that the respondents' claim for an allowance of $10 a thousand board feet on logs damaged but not actually destroyed rests on the assumption that such logs were damaged an average of thirty per cent. This was respondents' theory as advanced in their pleadings. Since the trial court found the logs were not damaged to this extent, appellants argue there is no support in the evidence

for the allowance of $10 a thousand on logs not totally destroyed.

A review of the evidence shows that it does not clearly preponderate against this finding, by which respondents were allowed $10 a thousand board feet on logs not totally destroyed. It is apparent the court based its findings on the testimony of Mr. Van Orsdel, an expert witness for respondents, who testified as follows:

"Well, from my own experience, both as a log seller and a log buyer, any logs that have been fire run have black ends, saddle burns, heat checks, and so forth, are a depreciated product. Most mills—pulp mills don't want burnt timber at all. They can't use it because of the charcoal. They just won't buy it. If they have any of it, they sell it. Usually the damage occurs in the high grade material on the outside of the log. Blackened lumber won't sell, and won't sell with heat checks on it, so I would feel that if the owner of this timber would get within ten dollars of the current market, he would be making a very satisfactory sale."

The finding of the trial court was based on competent evidence, and, as we have indicated already, we are not inclined to disturb it.

For the reasons indicated in the opinion, the judgment of the trial court will be affirmed.

HAMLEY and OLSON, JJ., concur.

SCHWELLENBACH, C. J., and HILL, J., concur in the result.

———

February 19, 1953. Petition for rehearing denied.