[No. 32375. Department One. August 11, 1953.]

ARTHUR PAULSON, *Respondent,* v. G. T. HIGGINS *et al., Appellants.*[1]

*Kern & Dano,* for appellants Dyk.

*Ralph E. Carlson* and *Jerome Williams,* for respondent.

[1]Reported in 260 P. (2d) 318.

MALLERY, J.—Appellants filed their brief in this court on March 2, 1953. Respondent filed his brief on May 4, 1953, and invoked Rule on Appeal 43, 34A Wn. (2d) (Sup.) 3, effective January 2, 1953, which reads *inter alia*:

"No alleged error of the superior court will be considered by this court unless the same be definitely pointed out in the 'assignments of error' in appellant's brief. In appeals from all actions at law or in equity tried to the court without a jury, *the findings of fact made by the court will be accepted as the established facts in the case unless error is assigned thereto.* No error assigned to any finding or findings of fact made or refused will be considered unless so much of the finding or findings as is claimed to be erroneous shall be set out verbatim in the brief." (Italics ours.)

On May 18, 1953, appellants moved this court for leave to file an amended opening brief to cure the failure to assign error to the trial court's findings of fact. It was made because such amendments cannot be incorporated in their reply brief. *Nethery v. Olson,* 41 Wn. (2d) 173, 247 P. (2d) 1011; *Fowles v. Sweeney,* 41 Wn. (2d) 182, 248 P. (2d) 400; and *Hill v. Tacoma,* 40 Wn. (2d) 718, 246 P. (2d) 458.

Judge Grady, speaking for the court in *Hill v. Tacoma, supra,* said:

"Upon attention being called to noncompliance with the rule, appellant sought to make correction in its reply brief. We are asked to accept this method, or in the alternative to waive the rule. The argument is made that the purpose of the rule is to assist the court in ascertaining the precise grounds upon which the appellant relies, and this has been done in the reply brief. We desire to add that another purpose of the rule is to have the respondent likewise informed, so he may direct his arguments accordingly and not have to explore anticipatory fields.

"It is also urged that a party litigant should not be denied substantial rights because of a failure to comply with technical rules of appeal, especially where such failure is the act or omission of counsel.

"The arguments made are very appealing, but to accept and act upon them as requested would in effect either nullify the rule or make it necessary that we determine in each case of noncompliance whether it will be followed or waived. This would result in the exercise of a discretion and in dis-

crimination. We must either enforce the rule or abandon it. Its necessity has a long background of experience, and it was promulgated in aid of expeditious and orderly appellate procedure."

■ This court has held without exception that failure to comply with Rule 43, *supra,* will make the findings of fact the established facts of the case. See *LaLone v. Smith,* 39 Wn. (2d) 167, 234 P. (2d) 893; *Davis v. Gibbs,* 39 Wn. (2d) 481, 236 P. (2d) 545; *Jeffery v. Hanson,* 39 Wn. (2d) 855, 239 P. (2d) 346; *Erickson v. Kongsli,* 40 Wn. (2d) 79, 240 P. (2d) 1209; *In re Boundy's Estate,* 40 Wn. (2d) 203, 242 P. (2d) 165; *J. A. Wiley Co. v. Riggle,* 40 Wn. (2d) 339, 243 P. (2d) 493; *Lopeman v. Gee,* 40 Wn. (2d) 586, 245 P. (2d) 183; *Evans v. Continental Cas. Co.,* 40 Wn. (2d) 614, 245 P. (2d) 470; *Hill v. Tacoma, supra*; *Hubbell v. Ward,* 40 Wn. (2d) 779, 246 P. (2d) 468; *Jones v. Bard,* 40 Wn. (2d) 877, 246 P. (2d) 831; *Becwar v. Bear,* 41 Wn. (2d) 37, 246 P. (2d) 1110; *Nethery v. Olson, supra*; *Fowles v. Sweeney, supra*; *Wygal v. Kilwein,* 41 Wn. (2d) 281, 248 P. (2d) 893; *Simpson v. Hutchings,* 41 Wn. (2d) 287, 248 P. (2d) 572; *Pederson v. Pederson,* 41 Wn. (2d) 368, 249 P. (2d) 385; *Cugini v. McPhail,* 41 Wn. (2d) 804, 252 P. (2d) 290; *Mid-County Publishers v. LeMay,* 41 Wn. (2d) 852, 252 P. (2d) 268; and *State ex rel. Schoblom v. Anacortes Veneer,* 42 Wn. (2d) 338, 255 P. (2d) 379.

■ If there is to be a rule, there must be a point at which failure to comply therewith can no longer be corrected. That point is the filing of respondent's brief.

The motion is denied.

HILL, WEAVER, and OLSON, JJ., concur.

GRADY, C. J. (dissenting)—I do not think we should adopt such a stringent rule as is suggested in the majority opinion and say that in all cases failure to comply with Rule on Appeal 43, 34A Wn. (2d) (Sup.) 3, cannot be corrected after the filing of respondent's brief. Much should depend in a particular case upon the reason why the rule was not complied with, whether the granting of a request to amend an appellant's brief would work any hardship upon respondent

which could not be met by the imposition of reasonable terms, and whether the ordinary conduct of the business of the court would be prejudiced. There may be other factors to consider in a particular case.

We must not overlook the fact that many members of the bar have not yet adjusted themselves to the changes made in our rules. This is apparent from the large number of cases we have considered in which parties have sought either to terminate an appeal or materially limit consideration of the case by the court because of procedural defects. It is encouraging to note, however, that the number of such instances is on the decrease.

It is a serious matter when a litigant may lose his substantial rights by the mere oversight of his attorney relating to a nonjurisdictional step in the course of taking the procedure in perfecting an appeal, and we should therefore exercise our discretion with great care and caution. We should bear in mind that Rule 43 was promulgated to a great extent to serve our convenience, when by rule we required findings of fact to be made by the trial court in all cases tried without a jury and ceased to try *de novo* cases on appeal. To avoid the necessity of reading all of the lengthy record to find out what an appellant is complaining about with reference to the findings of fact, we require that he make this known by appropriate assignments of error in his brief. If he does not do so, we accept the findings as the facts of the case. A compliance with the rule enables a respondent to know what he has to meet and to prepare his brief accordingly.

When *Hill v. Tacoma,* 40 Wn. (2d) 718, 246 P. (2d) 458, came before the court, there had been many cases where counsel had not observed our rules, and we found it necessary to speak in plain language and insist on compliance with them. However, in those cases the parties did not seek to amend with reasonable terms being imposed, but tried either to comply with the rule in an irregular and ineffectual way, particularly so far as respondent was concerned, or to seek our indulgence by waiving the rule.

In this case, when attention was called to the error, prompt request was made to amend.

I feel that sufficient reasons have been given by appellants why their application should be granted. If it is made to appear that respondent will be obliged to rewrite his brief, or has or will incur any special expense, reasonable terms should be imposed.

ON REHEARING.

[*En Banc.* February 15, 1954.]

PER CURIAM.—Upon a rehearing *En Banc*, a majority of the court adheres to the Departmental opinion heretofore filed herein.