[No. 32982.   *En Banc.*   June 2, 1955.]

JOHN D. SANTOS *et al., Respondents,* v. LLOYD M. MACK
*et al., Appellants.*[1]

*Purvis & Sanchez,* for appellants.

*Harry H. Schlee* and *Merkel & Cook,* for respondents.

PER CURIAM.—Appellants made two assignments of error. The second one is:

"2. The Court erred in entering judgment awarding the disputed strip of ground to the respondents without finding that the respondents had satisfied the requisites for establishing title by adverse possession."

The assignment is not well taken. The trial court's finding of fact No. 2 fully establishes all the requisites for adverse possession.

Appellants' first assignment was directed to the trial court's memorandum opinion. The respondents' brief answered:

"The court's memorandum opinion is not a finding of fact, *McIntyre v. Johnston,* 63 Wash. 323, and where findings of fact are entered by the court the court's memorandum opinion is not a subject for appeal."

[1]Reported in 284 P. (2d) 290.

Appellants, conceding the soundness of respondents' position, then moved this court for permission to amend their first assignment of error by directing it to the trial court's finding of fact No. 2.

This court postponed ruling on the motion until after a hearing on the merits. The appellants made their amended assignments of error and set out the trial court's second finding of fact verbatim in their reply brief. The motion is now before us for decision.

In *Paulson v. Higgins*, 43 Wn. (2d) 81, 260 P. (2d) 318, 266 P. (2d) 800, in which appellants had moved this court for leave to file an amended opening brief to cure the failure to assign error to the trial court's findings of fact, we denied the motion and said:

"If there is to be a rule, there must be a point at which failure to comply therewith can no longer be corrected. That point is the filing of respondent's brief."

■ We adhere to the rule of *Paulson v. Higgins*, *supra*. The motion is denied, and the judgment is affirmed.

FINLEY, J. (dissenting)—Rule on Appeal 43, as amended, effective January 2, 1953, 34A Wn. (2d) 47, requires that those findings of the trial court, or portions thereof, questioned or attacked by an appellant's assignment of error be set out verbatim in appellants' brief. In numerous decisions we have stated that failure to comply with the rule results in the findings of the trial court being accepted as the established facts of a given case here on appeal. The purpose behind Rule on Appeal 43, *supra*, is to enable respondents and this court to be accurately and conveniently apprised as to what findings of the trial court, or portions thereof, are being attacked on appeal by appellant's assignments of error.

The rule itself is silent as to whether an appellant may revise, amend, or supplement his opening brief after it has been filed and it has been discovered that it does not conform strictly to the rule in the matter of assigning error to the trial court's findings of fact. However, in *Paulson v.*

*Higgins*, 43 Wn. (2d) 81, 260 P. (2d) 318, we interpreted or applied Rule on Appeal 43, *supra*, saying that, after a respondent's brief has been filed, an appellant may not correct his opening brief so that it will assign error to findings, or parts thereof, effectively; that is, in strict compliance with the rule.

In the instant case, one of appellants' assignments of error was directed at, and quoted verbatim, a portion of the trial court's memorandum decision. The trial court's findings of fact were not attacked as such, and no portion thereof was set out verbatim in appellants' brief, in compliance with Rule on Appeal 43, *supra*. However, quite apparently, respondents understood appellants' contentions as to the error alleged to have been committed by the trial court in disposing of the case, because in respondents' brief, the pertinent portion of the trial court's findings of fact was referred to and quoted. In other words, the respondents and this court were fully apprised of the contentions being made by appellants with respect to the disposition of the case by the trial court. The purpose of Rule on Appeal 43, *supra*, was accomplished. This is illustrated, confirmed, or admitted by respondents' brief.

After the filing of respondents' brief, appellants filed a motion here, requesting permission to correct their opening brief by setting out the pertinent finding in strict compliance with Rule on Appeal 43, and offering to pay any costs of printing incurred by respondents in revising their brief, which were necessitated by changes in appellants' brief. The Department which heard the arguments on the motion continued any disposition of the question raised by the motion until the time of argument of the case on its merits. The case has now been heard on the merits. Considering the fact that the purpose of the rule has been served, and that the case has now been argued on its merits, I am convinced that it should be disposed of on the merits rather than through strict adherence by this court to our interpretation or application of Rule on Appeal 43, *supra*, in *Paulson v. Higgins*, *supra*. Actually, I would go further. I am strongly con-

vinced that the decision in *Paulson v. Higgins, supra,* should be reconsidered, and that Rule on Appeal 43 could very well be interpreted, and should be revised, to permit amendment of assignments of error, in the discretion of the court, even after the filing of a respondent's brief, (a) if application to amend is made promptly; (b) if neither respondent nor the court will be unreasonably inconvenienced; and (c) if appellant agrees to assume, and guarantees payment of any additional printing or other costs necessarily incurred by respondent in revising his brief as a result of appellant's amendment of his assignment of error.

For the reasons mentioned, and to the extent indicated, I disagree with the majority's disposition of this matter. I think it should be disposed of on the merits.

---

June 28, 1955. Petition for rehearing denied.