[No. 37550. Department Two. September 23, 1965.]

ANDREW POPOVICH, *Appellant*, v. DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.*

*Durham & Guimont (R. P. Guimont,* of counsel), for appellant.

*The Attorney General, M. K. Westgard* and *Franklin K. Thorp, Assistants,* for respondent.

PER CURIAM.—Plaintiff was injured October 10, 1929 in the course of extrahazardous employment. His claim was filed with the Department of Labor and Industries, allowed, and originally closed June 3, 1930, with an award of 4 degrees permanent disability. Thereafter the claim was alternately reopened and closed on several occasions with additional permanent partial disability awards. The claim was closed June 24, 1955. June 20, 1957, plaintiff made an

*Reported in 406 P.2d 593.

application to reopen his claim. It was denied September 10, 1957.

August 7, 1959, plaintiff filed an application to again reopen his claim, alleging aggravation of his condition. March 2, 1960, the application was denied by order of the Supervisor of Industrial Insurance. Plaintiff appealed to the Board of Industrial Insurance Appeals. May 8, 1963, the Board denied the appeal. Plaintiff then appealed to the superior court.

In answer to an interrogatory the jury found that plaintiff's condition attributable to his industrial injury, did not worsen between September 10, 1957 and March 2, 1960. Plaintiff appeals from a judgment affirming the order of May 8, 1963 of the Board of Industrial Insurance Appeals, which order rejected plaintiff's claim.

Plaintiff's five assignments of error fall into two categories: those directed to entry of judgment and the trial court's refusal to grant judgment notwithstanding the verdict of the jury; and those directed to instructions given and the court's refusal to give requested instructions.

■ Two well established and related rules of law govern the first category. A motion for judgment notwithstanding the verdict does not involve an element of discretion; it cannot be granted unless the court can say, as a matter of law, that there is neither evidence nor reasonable inferences therefrom to support the verdict. In addition, the evidence must be viewed in the light most favorable to the party against whom the motion is made; all material evidence favorable to the party benefited by the verdict must be taken as true. *Cugini v. Department of Labor & Industries*, 31 Wn.2d 852, 199 P.2d 593 (1948), and authorities cited.

Whether plaintiff's condition worsened between the terminal dates is a jury question. We find evidence in the record, which, if believed by the jury, is sufficient to support its verdict. We find no merit in plaintiff's first three assignments of error.

■ It has long been the rule, from which we have not deviated, that when error is predicated upon a jury instruc-

tion given, or upon instructions requested and refused, that *all* instructions given by the trial court and those requested and refused concerning which error is assigned must be included in the *statement of facts.* Rule on Appeal 34(8). *Kent v. Whitaker,* 58 Wn.2d 569, 572, 364 P.2d 556 (1961); *Porter v. Chicago M. St. P. & P. R. R. Co.* 41 Wn.2d 836, 838, 252 P.2d 306 (1953); *State v. Slater,* 36 Wn.2d 357, 365, 218 P.2d 329 (1950).

In the instant case, the statement of facts does not include the instructions given to the jury nor does it include the requested instructions refused.[1] July 15, 1964, respondent filed its printed brief in this court. It noted the deficiency and contended the remaining assignments of error were not before this court. October 2, 1964, plaintiff filed a supplemental statement of facts which contains the jury instructions and the requested instructions.

In *Paulson v. Higgins,* 43 Wn.2d 81, 83, 260 P.2d 318 (1953), the court said:

> If there is to be a rule, there must be a point at which failure to comply therewith can no longer be corrected. That point is the filing of respondent's brief.

The attempt to comply with the rule came too late. *Nethery v. Olson,* 41 Wn.2d 173, 175, 247 P.2d 1011 (1952); *Fowles v. Sweeney,* 41 Wn.2d 182, 187, 248 P.2d 400 (1952); *Hill v. Tacoma,* 40 Wn.2d 718, 246 P.2d 458 (1952).

The judgment is affirmed.

---

[1] It does include a requested instruction for a directed verdict. Our discussion of the first category of plaintiff's assignments of error answers the proposed instruction.