[No. 73-3.    Division Three.    December 7, 1970.]

LESTER E. TAFT, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*

*Leo H. Fredrickson* (of *Fredrickson, Maxey, Bell & Allison*), for appellant.

*Slade Gorton, Attorney General,* and *Thomas R. Chapman, Assistant,* for respondent.

GREEN, J.—Plaintiff, Lester E. Taft, sought review in the superior court of an order by the Board of Industrial Insurance Appeals denying an application to reopen his claim on grounds of aggravation. From a verdict sustaining this denial, plaintiff appeals.

Plaintiff injured his back on August 18, 1960, while employed by Gus J. Bouten Co. in Spokane, Washington. The injury was sustained as plaintiff lost his footing while carrying an "I" beam. On August 5, 1963, the Board of Industrial Insurance Appeals allowed plaintiff a permanent partial disability award of 25 per cent of the maximum allowable for unspecified disabilities. Thereafter, on February 26, 1964, plaintiff made application to reopen, claiming his condition worsened. Application was denied. On appeal the denial was affirmed by the board; on January 4, 1967, the board's order was sustained by the superior court. The claim was closed as of February 26, 1964.

On June 14, 1967, plaintiff again applied to reopen his claim, contending his condition had worsened since February 26, 1964. This application was denied. The Board of Industrial Insurance Appeals granted an appeal from the denial. On May 13, 1968, a hearing was held before the board. Dr. Clide E. Omstead was called as a witness by plaintiff. Dr. Omstead first saw plaintiff in 1967. His testimony was based upon two examinations, without new X rays having been taken, and upon X rays taken in 1960, 1961 and 1964. He testified the plaintiff's condition had been deteriorating and in his present condition the plaintiff would be unable to engage in regular work.

Dr. George W. Bagby was called by the department. He had examined plaintiff in January 1964 and again in October 1967 and stated that at both times plaintiff was uncooperative. Dr. Bagby's opinion was plaintiff's condition had not worsened since February 26, 1964 and plaintiff was able to work. At the conclusion of the hearing, the board denied plaintiff's request to reopen. Plaintiff appealed to the Spokane County Superior Court. On May 2, 1969, a jury after reviewing the testimony before the board sustained the previous denial to reopen the claim.

Plaintiff assigns error to the trial court's failure to give his proposed instruction No. 6. The statement of facts before this court includes only proposed instruction No. 6 and no other instruction. CAROA 34(8) states:

> In all cases whenever any error is predicated upon a ruling relative to an instruction given or proposed, it will be necessary to include in the statement of facts all of the instructions given by the court and those proposed instructions concerning which error is assigned.

Plaintiff's failure to comply with this rule prevents our consideration of this assigned error. See *Popovich v. Department of Labor & Indus.*, 66 Wn.2d 908, 406 P.2d 593 (1965).

Next, plaintiff contends the following testimony of Dr. Bagby on cross-examination was improperly excluded by the trial court:

Q. As he was there in 1967, taking him totally as he was

with all the subjective things and the findings he had from trying to test him, and the X-ray findings and all these things, do you think this man, considering his background and everything about him that the man could go out and obtain and retain a regular job within his mental capabilities and capacities?

A. Regardless of whether it is related to the injury or not?

Q. Yes, taking him as a whole, the injury and background and subjective complaints?

A. All I could say is that I wouldn't hire him to do anything for me if I was an employer.

Plaintiff takes the position that in view of Dr. Bagby's testimony on direct to the effect plaintiff could work, the cross-examination as to his opinion was in order and proper.

█ The excluded testimony merely states that he, Dr. Bagby, would not hire the plaintiff, not whether in his opinion plaintiff could obtain and retain a regular job. Therefore, the answer was not responsive and for this reason was irrelevant on the issue of aggravation. In addition, the question sought an answer which did not require a relationship to the original injury. Unless plaintiff's present condition is related to the original injury, such condition becomes irrelevant to the issue of aggravation. *Cyr v. Department of Labor & Indus.*, 47 Wn.2d 92, 286 P.2d 1038 (1955); *Sayler v. Department of Labor & Indus.*, 69 Wn.2d 893, 421 P.2d 362 (1966).

Judgment affirmed.

EVANS, C. J., and MUNSON, J., concur.