[No. 1362-3.   Division Three.   January 30, 1976.]

Tony Tamburello, Jr., *Appellant*, v. The Department of Labor and Industries, *Respondent.*

*Charles T. Morbeck* and *William R. Platts*, for appellant.

*Slade Gorton, Attorney General,* and *Robert M. Knies, Assistant,* for respondent.

Munson, J.—Plaintiff, Tony Tamburello, sought review in the Superior Court of an order by the Board of Industrial Insurance Appeals denying an application to reopen his claim on grounds of aggravation. From a verdict sustaining his denial, plaintiff appeals.

Plaintiff contends the trial court erred in: (1) admitting the testimony of Mr. Nichols, an investigator for the Department of Labor and Industries, who testified regarding observations he had made of the plaintiff's physical condition; and (2) in admitting a movie taken by Mr. Nichols of the plaintiff performing several functions; at trial, plaintiff

claimed he was incapable of performing the acts depicted. We affirm.

■ ■ Plaintiff testified to his present physical condition and the degree of impairment from which he presently suffered. In so testifying, his credibility was placed in issue. The motion picture and testimony of the investigator served to impeach plaintiff's testimony in regard to a material issue of fact. We find this evidence was properly admitted. *Scott v. Wasielewski*, 89 Ariz. 29, 357 P.2d 614 (1960); *Lambert v. Wolf's, Inc.*, 132 So. 2d 522, 527 (La. App. 1961);[1] *Cady v. Department of Labor & Indus.*, 23 Wn.2d 851, 863, 162 P.2d 813 (1945);[2] 3 A. Larson, *Workmen's Compensation* § 79.74 (1973); *Motion Pictures as Evidence*, Annot., 62 A.L.R.2d 686, § 6, at 698 (1958). Inasmuch as

---

[1]The court cautioned, however:

"We are mindful of the fact that evidence in the form of moving pictures must be used with great caution, because such pictures show only very brief intervals of the activities of the subject, they do not show rest periods, they do not reflect whether the subject is suffering pain, and they do not show the after effects of his activities. . . . In this case, however, the moving pictures are supported by the testimony of two private investigators to the effect that they observed plaintiff performing the same type of duties as were shown in the picture over sustained periods of time with little or no rest, and by the testimony of the owner of the service station to the effect that plaintiff customarily performed his duties at the station as shown in the motion pictures." (Citations omitted.)

[2]The court held that two pictures showing the condition of the claimant's hand 2 days prior to the hearing should have been admitted, and it was error for the court to have excluded the pictures. The court stated in regard to the pictures that:

[t]hey tended to show the condition of appellant's hand at the time of the hearing. That was a material factor at the time of that hearing.

. . .

This court has heretofore said that the practice of admitting photographs is to be encouraged as an aid to the comprehension of physical facts, because such evidence usually clarifies some issue and gives the jury, and the court, a clearer comprehension of the physical facts than can be obtained from the testimony of witnesses. *Kelly v. Spokane*, 83 Wash. 55, 145 Pac. 57.

We have also held it to be reversible error to exclude a photograph which gives a fair representation of physical conditions material to the issues involved. *Washington v. Seattle*, 170 Wash. 371, 16 P. (2d) 597, 86 A.L.R. 113.

plaintiff testified he presently could not perform in a normal manner the acts depicted, the fact the movie was taken at a time subsequent to the last terminal date does not affect the film's admissibility.

Plaintiff next contends that the trial court erred in submitting instructions Nos. 2 and 18 and refusing to submit plaintiff's proposed instruction No. 16. All of the instructions given are not contained within the statement of facts. CAROA 34(9). Instruction No. 16 is not set forth verbatim in the brief as required by CAROA 43. Plaintiff's failure to comply with the provisions of these rules prevents consideration of the alleged error. *Popovich v. Department of Labor & Indus.*, 66 Wn.2d 908, 406 P.2d 593 (1965); *Taft v. Department of Labor & Indus.*, 3 Wn. App. 751, 477 P.2d 651 (1970).

Judgment affirmed.

McINTURFF, C.J., and GREEN, J., concur.

Petition for rehearing denied February 24, 1976.