IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| DEBORAH BURKSFIELD, a single individual; and AIRBORNE STABLES, LLC, a Washington Limited Liability Company, | ) ) ) ) | No. 40219-3-III |
| | ) | |
| | ) | UNPUBLISHED OPINION |
| Appellants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LSL PROPERTIES, LLC, a Washington Limited Liability Company, and others determined culpable from discovery before trial; LARRY SALI, an individual; STEVEN SALI, an individual, | ) ) ) ) ) | |
| | ) | |
| Respondents. | ) | |

FEARING, J.P.T.[†] — Deborah Burksfield has battled her two brothers, Larry and Steven Sali, in court over the brothers' violations of fiduciary duties owed to LSL Properties, LLC. Burksfield owns a minority interest in the limited liability company. Previous litigation established the brothers' breach of duties. In the pending suit,

---

[†] George Fearing, a retired judge of the Washington Court of Appeals, is serving as a judge pro tempore of this court pursuant to RCW 2.06.150(1).

No. 40219-3-III
*Burksfield v. LSL Properties*

Burksfield seeks indemnification for litigation expenses and possibly recovery for additional alleged breaches of duties by her brothers. The trial court dismissed the claims of Burksfield as a matter of law. We affirm, not on the merits, but because the deficiencies in Burksfield's appeal briefs render review difficult, if not impossible.

FACTS

We know some of the background to the dispute currently on appeal from earlier appeals. *See Burksfield v. LSL Properties, LLC*, No. 34772-9-III (Wash. Ct. App. Mar. 15, 2018) (unpublished), https://www.courts.wa.gov/opinions/pdf/347729_unp.pdf; *Burksfield v. Sali*, No. 33037-1-III (Wash. Ct. App. July 7, 2016) (unpublished), https://www.courts.wa.gov/opinions/pdf/330371.unp.pdf. We, nonetheless, must limit our consideration of those facts properly presented in the parties' briefs in this appeal.

RAP 10.3(a)(5) demands that the appellant, here Deborah Burksfield, place in the opening brief:

> A fair statement of the facts and procedure relevant to the issues presented for review, without argument. Reference to the record must be included for each factual statement.

Burksfield has failed to comply with RAP 10.3(a)(5). Her statement of the case lacks flow. The statement instead asserts isolated facts relevant to her dealings with her brothers and LSL Properties beginning in 2005. Almost all assertions of fact lack any citations to the superior court record. Pithy legal contentions follow most assertions.

2

Deborah Burksfield begins her brief's statement of the case with mention of a dispute between her, as a member of the limited liability company, LSL Properties, and her two brothers, Larry and Steven Sali, also members of the LLC. She cites the record in support of her obtaining a judgment of $835,793.71 in 2014 against her brothers for violation of their fiduciary duties to the company. Since she brought a derivative action, the judgment also favored LSL Properties. As with other paragraphs in her statement of the case, Burksfield editorializes in the opening paragraph. She writes that her brothers knew that they acted in bad faith when they hid their waste of LSL's assets and misappropriated profits and gains of the limited liability company.

The facts show that Larry and Steven Sali owned a separate company that leased a quarry owned by LSL Properties. Presumably the Sali brothers took advantage of this lease relationship to the detriment of LSL Properties. A provision in LSL Properties' limited liability company operating agreement permitted the company to reimburse a member for litigation expenses incurred because of the member's involvement in the company as long as the member did not act in bad faith.

Thereafter, Deborah Burksfield's recitation of the facts generally lacks citation to the record other than the 2014 judgment. Burksfield claims that Larry and Steven Sali, through voting their majority share in LSL Properties, denied her the right to reimbursement for litigation expense. Her brothers instead continued to engage in

wrongful conduct, including approving the limited liability company reimbursing them for litigation expenses despite their violation of their duties to the company. The statement of case repeatedly accuses Larry and Steven Sali of dishonesty, misrepresentations, unlawful scams, and deceitful schemes.

Deborah Burksfield's statement of case cites attorney letters found in the record on appeal that discuss sale of interests in the limited liability company from 2005 to 2013. She mentions that the authors of some of the letters have become judges. We do not know if Burksfield intends to suggest that the Sali brothers failed to follow advice given by the lawyers or that the lawyers supplied unsound counsel to LSL Properties. Thereafter, Burksfield lists various rulings of the superior court, while suggesting bias of some of the judges issuing the rulings. Burksfield complains about this court's ruling in a lawsuit brought by attorney David Trujillo to collect attorney fees owed by her. She argues the receipt of that ruling from this court by the superior court influenced the superior court's later rulings against her.

In the remainder of her statement of the case, Deborah Burksfield lists the superior court rulings that she challenges, sometimes with a quotation from a superior court hearing. In short, the statement of case presents conclusory allegations of wrongdoing, most without citation to the record.

Based alone on Deborah Burksfield's statement of the case, we deny her appeal.

4

A recitation of facts not supported by the record and outside the pleadings violates the rules of appellate procedure. *Barnes v. Washington Natural Gas Company*, 22 Wn. App. 576, 577, 591 P.2d 461 (1979). For this court to consider assignments of error, appellant must place in her brief the facts that support her contentions on appeal. *State v. Ozanne*, 75 Wn.2d 546, 551, 452 P.2d 745 (1969). The clerk's papers for this appeal run 2,222 pages. We cannot and will not comb through the record on the possibility that some mistake may lie somewhere within. *Multicare Health System v. Department of Social & Health Services*, 173 Wn. App. 289, 299, 294 P.3d 768 (2013). Proper citation is imperative considering a massive record. *Eugster v. City of Spokane*, 118 Wn. App. 383, 424, 76 P.3d 741 (2003).

## PROCEDURE

Despite Deborah Burksfield's insufficient statement of the case, we continue to analyze the appeal in part to show other inadequacies in Burksfield's briefs. We glean the history of the pending appeal from portions of Burksfield's and the Sali brothers' briefs. Burksfield's briefs supply this court with some citations for the case's procedural history.

Deborah Burksfield brought the pending suit, on June 30, 2015, against Larry and Steven Sali and LSL Properties. In her amended complaint, Burksfield asserted claims for breach of contract, breach of fiduciary duty, accounting, and declaratory and

5

injunctive relief. Among other allegations, she complained that LSL Properties

reimbursed her brothers, not her, for litigation expenses incurred in the earlier lawsuit.

On July 27, 2016, Deborah Burksfield sought summary judgment on her claim for

indemnification for attorney fees. In response, Larry and Steven Sali filed a cross motion

for summary judgment. The Salis argued the merits of the claims, the statute of

limitations, and collateral estoppel.

The superior court granted LSL Properties and the Sali brothers' cross motion for

summary judgment. The court denied Deborah Burksfield's motion for reconsideration

and awarded attorney fees and costs totaling $64,159.38 against her on the basis of her

filing a frivolous lawsuit.

In an earlier appeal, this court affirmed the superior court's denial of Deborah

Burksfield's motion for summary judgment and reversed the trial court's summary

judgment in favor of the Sali brothers. We reversed the trial court's summary judgment

in favor of the Salis on the following issues: (1) the Salis' entitlement to indemnification

under the LSL operating agreement; (2) Burksfield's nonentitlement to indemnification

under the agreement; and (3) the award of fees and costs against Burksfield.

The decisions on review in this appeal come from the remand proceedings. We

now identify and describe the rulings challenged by Deborah Burksfield.

On remand to the superior court, Deborah Burksfield filed an amended complaint

against LSL Properties, Steven Sali, and Larry Sali. The amended complaint alleged that LSL and the Salis breached the LSL operating agreement when approving payment of $144,136.00 in legal costs in defending a lawsuit in which the Salis lost. In turn, LSL and the Salis breached the same agreement when refusing to indemnify Burksfield in bringing the lawsuit on behalf of LSL because of the breach of the fiduciary duties of the Salis. Burksfield also alleged that LSL and the Sali brothers violated fiduciary duties when usurping the recovery from the first lawsuit, when failing to account for royalties owed on the extraction of gravel from the AK Anderson quarry, and when failing to provide her with geological reports and assessments of gravel extracted. Burksfield sought damages, an accounting for all income received by LSL, expulsion of Larry and Steven Sali from LSL Properties, disclosure of the geological reports, an injunction against the Sali brothers' continued control of the operations of LSL Properties, and reasonable attorney fees and costs. The Sali brothers' counterclaim for indemnity from LSL Properties remained pending before the superior court.

On December 18, 2020, in response to a renewed summary judgment motion, the superior court dismissed Deborah Burksfield's claims except for her request to review the geological reports. The court's order required Burksfield to identify which reports she sought within ninety days and the legal authority justifying disclosure. After Burksfield identified the reports sought, the Sali brothers could again object to disclosure. Still

pending before the court were the questions of (1) whether the Salis were entitled to indemnity, (2) whether Burksfield was entitled to indemnity, and (3) how much of Burksfield's claim is owned by Airborne.

On January 20, 2021, Deborah Burksfield moved, under CR 18, to add new claims, including claims that had previously been dismissed. In response, LSL sought CR 11 sanctions, arguing that CR 18, which addresses joinder of claims and remedies, does not grant the court authority to grant leave to amend a complaint.

Beginning in January 2021, counsel for the Sali brothers attempted to schedule a deposition date from Deborah Burksfield. On January 14, 2021, Burksfield agreed to an in-person deposition because safety accommodations would be implemented given Covid-19. In an e-mail dated January 31, 2021, Burksfield accused counsel of engaging in unfair business practices because counsel, not her brothers, signed the deposition notice. On February 9, 2021, Burksfield e-mailed that she would not attend an in-person deposition.

The Sali brothers' counsel initially sent a notice for a February 11, 2021 deposition. He later sent notices for March 1, 2021, and April 7, 2021. Counsel scheduled the April 7 deposition to be video recorded.

The April 7, 2021, deposition proceeded inside the Holiday Inn conference room. The court reporter wore a mask, the chairs were set six feet apart, and plexiglass windows

prevented air transmission between the parties. A touchless thermometer and extra face masks were available for the participants. Burksfield was offered a face shield to protect her from transmission of Covid-19. She refused to participate in the deposition.

The Salis and LSL moved for sanctions for Deborah Burksfield's failure to appear at the deposition. The trial court entertained a hearing on the motion on April 16, 2021. Deborah Burksfield suggested that she received no notice of the April 7 deposition. Nevertheless, Burksfield admitted at the hearing that she would not have shown up for the deposition even if she had known about it. The court sanctioned Burksfield $2,500 for her refusal to attend her deposition.

Deborah Burksfield did not identify the geological reports she sought within ninety days of December 18, 2020. Therefore, LSL renewed its motion to dismiss the claim concerning geological reports. On April 30, 2021, the court granted summary judgment on behalf of LSL as to Burksfield's claim regarding the lack of disclosure and access to geological reports. The court clarified that the only remaining claims between the parties were their respective purported entitlements to indemnity.

On February 23, 2022, Deborah Burksfield filed a CR 16 motion to address pretrial procedures and the formulation of issues. The trial court denied the motion, while finding that Burksfield attempted to reassert new claims and revive others that had previously been dismissed on summary judgment. In denying the motion, the court

emphasized:

> The basis of this lawsuit today is[:] is Ms. Burksfield entitled to indemnification of additional attorney fees and costs in her initial action, based upon section 3.2 of the LLC agreement, and that LLC agreement was addressed by the Court of Appeals, and the Court of Appeals held that section 3.2 is a mandatory indemnification section. It is not subject to a vote, which arose in this case after the—well, it was after a meeting was called and the Sali brothers voted to deny Ms. Burksfield's request and to grant their request for indemnification of all their fees . . . That's the issue before this Court at trial. Were the expenses presented by Ms. Burksfield to the LLC for the benefit of the LLC? It's an objective test and, really, those are the issues in this Court's opinion. This Court issued a summary judgment order that said only the issue of indemnification is going to be the triable issue in this case.

Clerk's Papers at 1484-85.

On April 21, 2023, Deborah Burksfield petitioned for a declaratory judgment. The Salis and LSL again requested CR 11 sanctions. The court denied the petition and sanctioned Burksfield under CR 11, entering judgments in the amount of $8,061.50 and $1,720.00. Burksfield sought reconsideration of the sanctions and the denial of the CR 18 motion. The trial court denied reconsideration by order dated September 1, 2023.

On May 24, 2023, the case proceeded to a bench trial. In her opening statement, Deborah Burksfield reiterated arguments based on claims that had previously been dismissed. At the close of Burksfield's case, the superior court granted a motion for a directed verdict brought by the Sali brothers and LSL Properties. The court concluded that Burksfield had presented no evidence establishing the specific amounts for which she

10

sought indemnification or demonstrating how those amounts conferred a benefit on the limited liability company.

On June 2, 2023, the superior court entered an order of dismissal and judgment, setting forth conclusions of law explaining the dismissal of Deborah Burksfield's indemnity claim. The court subsequently denied Burksfield's motion for reconsideration.

LEGAL ANALYSIS

On appeal, Deborah Burksfield asks for prompt and meaningful enforcement of a restoration order, protection of her personal property rights as recorded at the inception of LSL Properties, including within a certificate of formation. She asserts the entitlement, under article I, Declaration of Rights, to an open court free from bias and prejudiced influences.

Deborah Burksfield assigns error to at least fifteen superior court rulings and orders: (1) September 14, 2018 restoration order defendants noncompliance to restore her property to condition prior to 2017 Rattlesnake Ridge landside; (2) December 18, 2020 Summary Judgment Order granting defendants' motion for collateral estoppel; (3) January 8, 2021 oral rulings denying her cross motion to compel discovery of insurer's communications and existing geological assessments; (4) April 30, 2021 order granting $2,500.00 sanctions against her for absence from depositions; (5) April 30, 2021 order directing her future attendance at a public location during Covid-19 stay home

11

proclamation; (6) April 30, 2021 order granting motion eliminating trial evidence of insurer's communications and geological assessment discovery; (7) May 11, 2021 order denying her motion for reconsideration; (8) April 1, 2022 oral ruling denying her February 23, 2022 CR 16 motion for pretrial procedures; (9) May 18, 2023 summary judgment sanctions; (10) May 18, 2023 order striking her April 21, 2023 motion for pretrial hearing; (11) May 24, 2023, CR 41(b)(3) involuntary dismissal of her suit; (12) June 2, 2023 order of default; (13) June 2, 2023 judgment of $200.00; (14) June 2, 2023 order denying more time to respond to request for sanctions; and (15) September 1, 2023 denial of her motion for reconsideration. When listing these assignments of error, we paraphrase the language employed by Burksfield in her opening brief, while noting some assignments read awkwardly such that we lack clarity as to the nature of the assignment. Deborah Burksfield lists no separate issues related to her assignment of errors in violation of RAP 10.3(a)(4).

Deborah Burksfield's legal arguments do not distinguish between her various assignments of error. The legal analysis lacks an organization that enables the court to thoughtfully address her contentions. She ad hocly mentions facts unsupported by a citation to the record followed by terse citations to the law. The arguments lack any development. The arguments fail to directly rebut the various superior court rulings challenged. The brief's contentions do not respond to the court's rulings precluding

Burksfield from asserting claims other than reimbursement of litigation expenses. She provides no analysis of the court's discovery and sanctions rulings.

Deborah Burksfield cites RCW 9.45.122, which announces a public policy for accurate measurement of goods, but she mentions no specific facts that fall under the statute. She cites RCW 21.20.005(17)(a)'s broad definitions of "security" for purposes of security fraud but does not tie this citation to her appeal.

Despite not assigning prejudice to any specific judge issuing rulings in her case, Deborah Burksfield cites the former Canon 3 (D)(l) of the Code of Judicial Conduct (2002) that requires a judge to disqualify himself or herself from hearing a case if that judge is biased against a party or if his or her impartiality may be reasonably questioned. She does not explain why she cites the former, not the current, judicial code of ethics. She provides no analysis as to why any discrete judge should have recused himself.

Deborah Burksfield lists rules relevant to an appellate court's review of the superior court's findings of fact. Yet she challenges no findings. Burksfield cites RCW 7.24.020, a portion of the Uniform Declaratory Judgment Act. Yet the court denied her request to amend her complaint to seek a declaratory judgment.

Deborah Burksfield mentions RCW 63.60.050, which prohibits infringing on one's personality, voice, likeness, or signature. She cites outdated sections of Washington statutes addressing indemnification from a limited liability company. Yet,

she provides no analysis as to how the superior court erred when denying her

reimbursement from LSL Properties for her expenses.

Deborah Burksfield cites the Uniform Commercial Code, the Consumer Protection

Act, and Washington's waste and conveyance statutes. Burksfield provides a short

discourse on contract law, which includes many Washington territorial decisions. She

quotes RCW 84.04.090's and WAC 458-12-010's respective definitions of "real

property." She never explains the relevance of these laws.

For this court to consider assignments of error, the appellant must set forth in her

brief the arguments that support her contentions on appeal. *Lutz v. City of Longview*, 83

Wn.2d 566, 571, 520 P.2d 1374 (1974), *abrogated on other grounds by Yim v. City of

Seattle*, 194 Wn.2d 682, 451 P.3d 694 (2019). An appellate court will decline to address

inadequately briefed issues. *State v. Johnson*, 119 Wn.2d 167, 171, 829 P.2d 1082

(1992); *Mine Holding Trust v. Pavlish*, 32 Wn. App. 2d 727, 740, 559 P.3d 517 (2024).

Arguments unsupported by relevant citation of authority need not be considered by this

court. *State v. Hoffman*, 116 Wn.2d 51, 70-71, 804 P.2d 577 (1991); *Howell v. Spokane

& Inland Empire Blood Bank*, 114 Wn.2d 42, 46, 785 P.2d 815 (1990).

A party must supply this court reasoned argument. RAP 10.3(a)(5); *Cowiche

Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992). Passing

treatment of an issue does not merit judicial consideration. *Bittner v. Symetra National*

*Life Insurance Co.*, 32 Wn. App. 2d 647, 672 n.13, 558 P.3d 177 (2024). These tasks must be performed in the appellant's opening brief. *In re Personal Restraint of Sickels*, 14 Wn. App. 2d 51, 59, 469 P.3d 322 (2020), *abrogated on other grounds by State v. J.H.-M.*, 4 Wn.3d 648, 566 P.3d 847 (2025).

We anticipate Deborah Burksfield complaining that this court's decision denies her due process. But the litigants also must abide by process for this court to effectively resolve an appeal. A party's failure to comply with the provisions of rules addressing briefs prevents consideration of the alleged errors. *Tamburello v. Department of Labor & Industries*, 14 Wn. App. 827, 829, 545 P.2d 570 (1976). Without the benefit of adequate briefs, courts risk misunderstanding the record or announcing a wrong legal rule. *In re Matter of E.H.*, 388 N.C. 100, 234-35, 919 S.E.2d 233 (N.C. 2025). Appellate rules serve to require parties to proceedings before a reviewing court to present clear and orderly arguments so that the court may properly ascertain and dispose of the issues involved. *Zadrozny v. City Colleges of Chicago*, 220 Ill. App. 3d 290, 292, 581 N.E.2d 44 (Ill. App. Ct. 1991).

Appellant Deborah Burksfield is pro se, but the law holds her to the same standard as an attorney when representing herself. *In re Vulnerable Adult Petition for Winter*, 12 Wn. App. 2d 815, 844, 460 P.3d 667 (2020). Courts possess no obligation to grant

No. 40219-3-III
*Burksfield v. LSL Properties*

special favors to a pro se litigant. *In re Marriage of Olson*, 69 Wn. App. 621, 626, 850 P.2d 527 (1993).

LSL Properties and the Sali brothers request an award for reasonable attorney fees and costs on appeal. They describe Deborah Burksfield's appellate arguments as wandering and incomprehensible and thus frivolous. The law allows this court to grant reasonable attorney fees on appeal. RAP 18.7; CR 11; *Bryant v. Joseph Tree*, 119 Wn.2d 210, 829 P.2d 1099 (1992); *Layne v. Hyde*, 54 Wn. App. 125, 773 P.2d 83 (1989). We grant LSL Properties and Larry and Steven Sali their request.

CONCLUSION

We affirm the superior court rulings. We grant LSL Properties and Larry and Steven Sali reasonable attorney fees and costs on appeal.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.P.T.

WE CONCUR:

_____
Staab, A.C.J.

_____
Cooney, J.